FILED

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| MARS, INCORPORATED,<br>6885 Elm Street<br>McLean, Virginia 22101<br><br>                Plaintiff,<br><br>v.<br><br>THE HERSHEY COMPANY<br>100 Crystal A Drive<br>Hershey, Pennsylvania 17033<br><br>and<br><br>HERSHEY CHOCOLATE & CONFECTIONERY<br>CORPORATION<br>4860 Robb Street, Suite 204<br>Wheat Ridge, Colorado 80033<br><br>                Defendants. | Civil Action No. 1:09 CV1354<br>LO/IDD<br><br>**JURY DEMANDED** |

### COMPLAINT

Plaintiff Mars, Incorporated ("Mars"), by its undersigned counsel, brings this action against Defendants The Hershey Company and Hershey Chocolate & Confectionery Corporation (collectively, "Hershey") and alleges as follows:

### NATURE OF THE CASE

1.    This is an action for copyright infringement, trade dress infringement, and unfair competition arising under the statutes of the United States (Copyright Act, 17 U.S.C. § 501 *et seq.* and Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*), the statutory law of the Commonwealth of Virginia (Va. Code Ann. §§ 59.1-196 *et seq.*), and the common law.

2.    This action arises out of Hershey's unlawful use of a premium chocolate television commercial that blatantly copies and thereby infringes Mars's copyright and trade dress rights in television commercials for its famous premium DOVE® chocolate.

3.    Mars is the world's leading confectionery company and one of Mars's most popular products is its DOVE® brand chocolate—a premium chocolate noted for its smooth texture and lingering flavor.

4.    Mars's DOVE® chocolate has enjoyed great commercial success, the product has become tremendously popular among consumers, and the DOVE® mark is associated with one of the top-selling brands of premium chocolate in the United States.

5.    The success of Mars's DOVE® chocolate products is due in part to the high quality of those products, and in part to an innovative, distinctive television advertising campaign that uses a combination of distinctive elements that highlight the experience of eating DOVE® chocolate, and the appeal of DOVE® chocolate to women.

6.    To convey this message, Mars adopted copyrighted commercials featuring distinctive trade dress that includes the following original elements: (a) a prominent and recurring image of a silk-like scarf, (b) an image of a pillow shape emerging from a pool of chocolate, (c) a series of laudatory words (d) displayed in a distinctive white and gold cursive script (e) emerging one at a time in serial fashion from a brown background, (f) an image of the head and shoulders of a smiling woman with long brown hair, (g) displayed against a brown background, (h) using soft tone light, (i) such that the woman's brown hair nearly blends with the background.

2

7.    Mars's selection, arrangement and display of these elements, and the overall lighting, coloration, and tone of the commercials is highly original and distinctive, and is entitled to copyright and trade dress protection.

8.    In 2008, shortly after hiring Mars employees who had worked on the advertising campaign for DOVE® products, Mars's competitor Hershey launched its own "premium" brand of chocolate, under the trademark "BLISS."

9.    The parties have competed in the marketplace without incident until October 2009, at which time Hershey apparently became unsatisfied with the poor sales performance of its BLISS products and decided to begin airing a television commercial that blatantly copies virtually all of the distinctive elements of Mars's copyrighted DOVE® television commercials and trade dress.

10.    Hershey included in its commercial virtually all of the visual elements contained in the DOVE® commercials and Hershey displayed these elements in a style and manner that is substantially similar to the DOVE® commercials.

11.    Hershey slavishly copied the Mars commercials by prominently displaying: (a) an image of a silky scarf-like image, (b) a pillow shape emerging from a pool of chocolate, (c) a series of laudatory words (c) displayed in a distinctive white and gold cursive script (d) emerging one at a time in serial fashion from a brown background, namely, a pool of chocolate, (e) an image of the head and shoulders of a smiling woman with long brown hair, (f) displayed against a brown background, (g) using soft tone light, (h) such that the woman's brown hair nearly blends with the background.

3

12.    Hershey's commercial is so substantially similar to the DOVE® commercials that it could not have been created independently and, by hiring Mars's former employees, Hershey had access to the creative efforts that went into the development of Mars's highly successful copyrighted commercials and trade dress.

13.    Hershey's commercial is crafted to deliberately cause a likelihood of confusion among consumers as to the source or sponsorship of Hershey's product and to imbed in the minds of consumers the same distinctive features of the DOVE trade dress that symbolize Mars's goodwill.

## THE PARTIES

14.    Mars is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6885 Elm Street, McLean, Virginia 22101.

15.    Upon information and belief, Defendant The Hershey Company is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 100 Crystal A Drive, Hershey, Pennsylvania 17033.

16.    Upon information and belief, Defendant Hershey Chocolate and Confectionery Corporation is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 4860 Robb Street, Suite 204, Wheat Ridge, Colorado 80033.

## JURISDICTION AND VENUE

17.    This Court has jurisdiction over the subject matter of this action under the Copyright Act, 17 U.S.C. 501 *et seq.*, Section 39 of the Trademark Act of 1946, 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1332, and 1338; and the doctrine of supplemental jurisdiction, 28

4

U.S.C. § 1367. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are of diverse citizenship.

18.    This Court has personal jurisdiction over Hershey because Hershey does substantial business in and has disseminated the infringing commercial in Virginia and within this Judicial District, so as to make general and specific jurisdiction over Hershey fair, just and permitted by law.

19.    Venue is proper in this District under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## MARS AND ITS HIGHLY POPULAR DOVE® CHOCOLATE

20.    Founded in 1920, Mars is a family-owned company that has grown over the decades into a multinational entity. Today, Mars is the world's leading confectionery company, and owns some of the world's most recognizable brands.

21.    One of Mars's most well-known trademarks is DOVE®, which has been widely used for premium quality chocolate.

22.    Created in the 1930's by Leo Stefanos, Mars's predecessor-in-interest, the DOVE® trademark was originally used on chocolate-dipped ice cream products and the mark has been used continuously since that time.

23.    Since 1986, when Mars acquired the DOVE® trademark, Mars has enhanced the goodwill symbolized by the mark through extensive advertising and by selling only the highest-quality chocolate under the mark.

5

24.     In addition to selling chocolate-coated ice cream bars, Mars began offering additional products under the DOVE® trademark in the 1990's, including DOVE® chocolate miniatures and DOVE® chocolate bars.

25.     Mars's DOVE® chocolate products have become tremendously popular among United States consumers because Mars uses only the highest-quality ingredients for its DOVE® chocolate and Mars employs a meticulous manufacturing process to ensure that DOVE® chocolate has a smooth texture and a delicious, lingering taste.

26.     By maintaining high quality and by investing millions of dollars annually to advertise its products, Mars has made DOVE® chocolate an industry-leading brand of premium chocolate that generates many millions of dollars in annual revenues.

## MARS'S DOVE® TELEVISION COMMERCIALS AND ITS COPYRIGHT AND TRADE DRESS RIGHTS IN THOSE COMMERCIALS

27.     Since at least 2004, Mars has used a distinctive television advertising campaign to enhance public awareness of the indulgent experience of eating DOVE® chocolate to communicate both the smooth texture and lingering taste of its products as well as the unique appeal of the products to women.

28.     Two of the most recent commercials in this campaign are entitled "Senses" and "Senses with PB Tag" (collectively, "DOVE® Senses Commercials"). The "Senses" commercial first aired in March 2008, and the "Senses with PB Tag" commercial first aired in June 2009. The DOVE® Senses Commercials have been seen by millions of consumers.

29.     The DOVE® Senses Commercials feature numerous original elements, including (a) an image of a silk-like scarf, (b) a pillow shape emerging from a pool of chocolate, (c) a

6

series of laudatory words (d) displayed in a distinctive white and gold cursive script (e) emerging one at a time in serial fashion from a brown background, (f) an image of the head and shoulders of a smiling woman with long brown hair, (g) displayed against a brown background, (h) using soft tone light, (i) such that the woman's brown hair nearly blends with the background Screenshots from the DOVE® Senses Commercials are attached as **Exhibit A.**

30.    Mars's original arrangement and display of the foregoing elements, and the overall lighting, coloration and tone of the DOVE® Senses Commercials, create an intimate, private tone that underscores the indulgent pleasure eating DOVE® chocolate, and the appeal of DOVE® chocolate to women.

31.    Mars's DOVE® Senses Commercials are highly original and distinctive, and are entitled to protection as copyrighted works of authorship and as distinctive forms of trade dress.

32.    Mars is the owner of the copyrights in both of the DOVE® Senses Commercials, and has obtained copyright registrations for both of these commercials. A copy of the Certificate of Registration (PA 00011652233) for the DOVE® "Senses" commercial is attached hereto as **Exhibit B.** A copy of the Certificate of Registration (PA 0001652234) for the DOVE® "Senses with PB Tag" commercial is attached hereto as **Exhibit C.**

33.    Mars also owns trade dress rights in the elements described above and in the overall look-and-feel of the DOVE® Senses Commercials (the "DOVE Trade Dress").

34.    Mars has used the DOVE Trade Dress in connection with the advertising and sale of DOVE® chocolate since at least as early as March 2008.

35.    The DOVE Trade Dress is non-functional, and is used by Mars to identify and distinguish Mars's DOVE® products from products offered by others.

36.     The DOVE Trade Dress is inherently distinctive or, alternatively, has acquired secondary meaning among consumers through Mars's widespread advertising and use of the DOVE Trade Dress in United States commerce.  Thus, consumers have come to recognize the DOVE Trade Dress as a distinctive indicator of source for Mars's high-quality DOVE® products.

37.     Through substantial sales and advertising expenditures, the DOVE Trade Dress has become a valuable asset and a well-known symbol of Mars's substantial goodwill throughout the United States.

## HERSHEY'S INFRINGING BLISS COMMERCIAL

38.     In or about October 2009, without authorization from Mars, Hershey began airing throughout the United States an infringing television commercial for its "Bliss" chocolate (hereinafter, the "Infringing Commercial").  Screenshots of the Infringing Commercial are attached hereto as **Exhibit D**.

39.     Upon information and belief, Hershey has caused the Infringing Commercial to be displayed on numerous television networks throughout the United States and on the Internet at www.hersheys.com/bliss.

40.     Upon information and belief, the Infringing Commercial has been viewed by many consumers in the Commonwealth of Virginia and in this District.

41.     Hershey's use of the Infringing Commercial constitutes willful and deliberate copyright infringement because Hershey had access to Mars's DOVE® Senses Commercials prior to creating and airing the Infringing Commercial, and because the Infringing Commercial is substantially similar to the DOVE® Senses Commercials.

8

## HERSHEY'S ACCESS TO THE COPYRIGHTED WORKS

42.     Hershey undeniably had access to the DOVE® Senses Commercials prior to airing the Infringing Commercial because the Mars Commercials first aired in March 2008, and continue to be aired on many networks throughout the United States.

43.     Upon information and belief, at least two former employees of Mars, who had access to many of Mars's DOVE® copyrighted commercials during their employment with Mars, were hired by Hershey and now work with Hershey's Bliss brand team. The DOVE® commercials that these employees had access to contained many of the same creative elements as the DOVE® Senses Commercials, including a silky scarf-like design and a pool of chocolate, and displayed those elements in a similar manner as the DOVE® Senses Commercials.

## HERSHEY'S INFRINGING COMMERCIAL IS SUBSTANTIALLY SIMILAR TO THE COPYRIGHTED DOVE® COMMERCIALS

44.     Hershey's Infringing Commercial is substantially similar to Mars's DOVE® Senses Commercials.

45.     The Infringing Commercial was plainly derived and copied from the DOVE® Senses Commercials because the visual elements used in the Infringing Commercial are virtually identical to and appear in the same style and manner as the visual elements used in the DOVE® Senses Commercials  Side-by-side images of the DOVE® Senses Commercials and the Infringing Commercial are attached as **Exhibit E.**

46.     The Infringing Commercial begins by copying and displaying one of the most prominent and distinctive visual elements from the DOVE® Senses Commercial—an image of

9

what appears to be a silk scarf. This element differs from the Mars commercial only in the use of a different color for the scarf-shaped image.

47.    Next, Hershey's Infringing Commercial displays a pillow shape emerging from a pool of chocolate. This is copied from the Mars DOVE® Senses Commercials.

48.    As the shape emerges in the Infringing Commercial, several laudatory words written in cursive gold emerge one at a time in serial fashion from a brown background, namely, a pool of chocolate. This visual element also is copied from the DOVE® Senses Commercials.

49.    Next, the Infringing Commercial, like the DOVE® Senses Commercial, displays the head and shoulders of a smiling woman with brown eyes and long brown hair, against a brown background. The woman depicted in the Infringing Commercial has a similar appearance and expression as the woman in the DOVE® Senses Commercials.

50.    The background setting in the final two scenes of the Infringing Commercial appears to be a sheet of brown silk that can be seen undulating as the image of a woman appears in the foreground. This too is copied from the DOVE® Senses Commercials which likewise display a recurring image of a brown silk scarf.

51.    Finally, the overall lighting, coloration and tone of the Infringing Commercial is very similar the DOVE® Senses Commercials. Both commercials use low lighting as a mechanism to highlight the indulgent experience of eating the featured chocolate, such that the woman's brown hair nearly blends with the brown background.

52.    Consequently, Hershey's Infringing Commercial has an overall appearance and look-and-feel that is substantially similar to Mars's copyrighted DOVE® Senses Commercials.

## HERSHEY'S INFRINGING TRADE DRESS

53.    Hershey's Infringing Commercial also copies, without authorization, the DOVE Trade Dress.

54.    Upon information and belief, Hershey first aired the Infringing Commercial in October 2009, long after Mars first aired its inherently distinctive DOVE® Senses Commercial and long after the time that would be required for the DOVE Trade Dress to attain secondary meaning among consumers, if the trade dress were not inherently distinctive.

55.    The Infringing Commercial contains trade dress ("Infringing Trade Dress") that copies the features of the DOVE Trade Dress and the style and manner in which the features appear.

56.    As a result, Hershey's use of the Infringing Trade Dress is likely to cause confusion among consumers as to the source, sponsorship or affiliation of the Infringing Commercial and/or Hershey's Bliss products.

## CORRESPONDENCE BETWEEN THE PARTIES

57.    On November 13, 2009, Mars sent a letter to Hershey requesting that it cease using the Infringing Commercial.

58.    On November 19, 2009, Hershey contacted Mars by phone and indicated that it was investigating the matter and on November 24, 2009, Hershey's outside counsel sent a letter to Mars indicating that Hershey would not cease its use of the Infringing Commercial.

## COUNT I

### COPYRIGHT INFRINGEMENT
### IN VIOLATION OF UNITED STATES STATUTES

59.     As a separate cause of action and ground for relief, Mars alleges that Hershey has

and is engaged in acts of copyright infringement in violation of 17 U.S.C. § 501 *et seq.*

Paragraphs 1 through 58 of this Complaint are incorporated by reference as part of this count.

60.     Mars is owner of the copyrights in both of the DOVE® Senses Commercials.

The United States Copyright Office has issued Certificates of Registration for both of these

commercials. *See* **Exhibits B and C.**

61.     Hershey had access to Mars's DOVE® Senses Commercials prior to creating and

airing the Infringing Commercial.

62.     Hershey's Infringing Commercial was copied and derived from, and is

substantially similar to, Mars's copyrighted DOVE® Senses Commercials.  As a result, Hershey

has infringed Mars's copyrights.

63.     Hershey has used, reproduced, displayed and distributed the Infringing

Commercial on television and the Internet throughout the United States and in this District.

64.     Hershey's acts of infringement have been willful, intentional, and purposeful, in

reckless disregard of the rights of Mars.

65.     Hershey's acts of copyright infringement have caused and are causing Mars

irreparable injury, loss of reputation, and pecuniary damages.  Unless enjoined by this Court,

Hershey will continue these acts of infringement, thereby causing Mars immediate and

irreparable damage.

12

## COUNT II

## TRADE DRESS INFRINGEMENT
## IN VIOLATION OF UNITED STATES STATUTES

66.     As a separate cause of action and ground for relief, Mars alleges that Hershey has

and is engaged in the use of false designations of origin, false representations of fact, and trade

dress infringement that give rise to a cause of action under 15 U.S.C. § 1125(a).  Paragraphs 1

through 65 of this Complaint are incorporated by reference as part of this count.

67.     Mars is the owner of all rights, title and interest in and to the DOVE Trade Dress.

68.     The DOVE Trade Dress is non-functional and is used by Mars to distinguish its

DOVE® chocolate from the goods and services of others.

69.     The DOVE Trade Dress is inherently distinctive or, alternatively, has attained

secondary meaning among consumers as a distinctive indicator of source for Mars's DOVE®

chocolate.

70.     Without consent or permission from Mars, Hershey has used and is using the

Infringing Trade Dress in connection with the advertising and sale of goods in such a manner as

to create a likelihood of confusion among prospective purchasers, thereby inducing consumers

and others to believe, contrary to fact, that the goods of Hershey are rendered, sponsored, or

otherwise approved by, or connected with, Mars, which acts have damaged and impaired the

goodwill symbolized by the DOVE Trade Dress, to Mars's immediate and irreparable damage.

71.     The nature, probable tendency, and effect of Hershey's use of the Infringing

Trade Dress in the manner alleged is to enable Hershey to deceive the public by passing off its

goods as being rendered, sponsored, or otherwise approved by or connected with Mars.

13

72.     Hershey's unauthorized use of the Infringing Trade Dress in connection with the advertising and sale of its goods is likely to cause confusion, mistake, or deception as to the source or origin of Hershey's goods and constitutes infringement of the DOVE Trade Dress under Section 43(a) of the Lanham Act.

73.     Hershey's acts of infringement have been willful, intentional, and purposeful, in reckless disregard of and indifferent to the rights of Mars.

74.     Hershey's acts of infringement have caused Mars irreparable injury, loss of reputation, and pecuniary damages.  Unless enjoined by this Court, Hershey will continue these acts of infringement thereby deceiving the public and causing Mars immediate and irreparable damage.

## COUNT III

### UNFAIR COMPETITION UNDER UNITED STATES STATUTES

75.     As a separate cause of action and ground for relief, Mars alleges that Hershey has and is engaged in acts constituting unfair competition in violation of 15 U.S.C. § 1125(a). Paragraphs 1 through 74 of this Complaint are incorporated by reference as a part of this count.

76.     Mars is the owner of all rights, title and interest in and to the DOVE Trade Dress.

77.     The DOVE Trade Dress is non-functional and is used by Mars to distinguish its DOVE® chocolate from the goods and services of others.

78.     The DOVE Trade Dress is inherently distinctive or, alternatively, has attained secondary meaning among consumers as a distinctive indicator of source for Mars's DOVE® chocolate.

14

79.     Without consent or permission from Mars, Hershey has used and is using the Infringing Trade Dress in connection with the advertising and sale of goods in such a manner as to create a likelihood of confusion among prospective purchasers, thereby inducing consumers and others to believe, contrary to fact, that the goods of Hershey are rendered, sponsored, or otherwise approved by, or connected with, Mars, which acts have damaged and impaired the goodwill symbolized by the DOVE Trade Dress, to Mars's immediate and irreparable damage.

80.     The nature, probable tendency, and effect of Hershey's use of the Infringing Trade Dress in the manner alleged enables Hershey to deceive the public by passing off its goods as being rendered, sponsored, or otherwise approved by or connected with Mars.

81.     Hershey's unauthorized use of the Infringing Trade Dress in connection with the advertising and sale of its goods is likely to cause confusion, mistake, or deception as to the source or origin of Hershey's goods and constitutes unfair competition under Section 43(a) of the Lanham Act.

82.     Hershey's unlawful acts have been willful, intentional, and purposeful, in reckless disregard of and indifferent to the rights of Mars.

83.     Hershey's acts of unfair competition have caused Mars irreparable injury, loss of reputation, and pecuniary damages.  Unless enjoined by this Court, Hershey will continue these acts of unfair competition thereby deceiving the public and causing Mars immediate and irreparable damage.

15

## COUNT IV

## TRADE DRESS INFRINGEMENT
## IN VIOLATION OF THE COMMON LAW

84.    As a separate cause of action and ground for relief, Mars alleges that Hershey has

and is engaged in acts of trade dress infringement in violation of the common law.  Paragraphs 1

through 83 of this Complaint are incorporated by reference as a part of this count.

85.    Mars is the owner of all rights, title and interest in and to the DOVE Trade Dress.

86.    The DOVE Trade Dress is non-functional and is used by Mars to distinguish its

DOVE® chocolate from the goods and services of others.

87.    The DOVE Trade Dress is inherently distinctive or, alternatively, has attained

secondary meaning among consumers as a distinctive indicator of source for Mars's DOVE®

chocolate.

88.    Without consent or permission from Mars, Hershey has used and is using the

Infringing Trade Dress in connection with the advertising and sale of goods in such a manner as

to create a likelihood of confusion among prospective purchasers, thereby inducing consumers

and others to believe, contrary to fact, that the goods of Hershey are rendered, sponsored, or

otherwise approved by, or connected with, Mars, which acts have damaged and impaired the

goodwill symbolized by the DOVE Trade Dress, to Mars's immediate and irreparable damage.

89.    The nature, probable tendency, and effect of Hershey's use of the Infringing

Trade Dress in the manner alleged enables Hershey to deceive the public by passing off its goods

as being rendered, sponsored, or otherwise approved by or connected with Mars.

16

90.     Hershey's unauthorized use of the Infringing Trade Dress in connection with the advertising and sale of its goods is likely to cause confusion, mistake, or deception as to the source or origin of Hershey's goods and constitutes infringement of the DOVE Trade Dress under the common law.

91.     Hershey's infringing acts have been willful, intentional, and purposeful, in reckless disregard of and indifferent to the rights of Mars.

92.     Hershey's acts of infringement have caused Mars irreparable injury, loss of reputation, and pecuniary damages.  Unless enjoined by this Court, Hershey will continue these acts of infringement, thereby deceiving the public and causing Mars immediate and irreparable damage.

**COUNT V**

**UNFAIR COMPETITION IN VIOLATION OF THE COMMON LAW**

93.     As a separate cause of action and ground for relief, Mars alleges that Hershey has or is engaged in acts constituting unfair competition under the common law.  Paragraphs 1 through 92 of this Complaint are incorporated by reference as a part of this count.

94.     Mars is the owner of all rights, title and interest in and to the DOVE Trade Dress.

95.     The DOVE Trade Dress is non-functional and is used by Mars to distinguish its DOVE® chocolate from the goods and services of others.

96.     The DOVE Trade Dress is inherently distinctive or, alternatively, has attained secondary meaning among consumers as a distinctive indicator of source for Mars's DOVE® chocolate.

17

97.    Without consent or permission from Mars, Hershey has used and is using the Infringing Trade Dress in connection with the advertising and sale of goods in such a manner as to create a likelihood of confusion among prospective purchasers, thereby inducing consumers and others to believe, contrary to fact, that the goods of Hershey are rendered, sponsored, or otherwise approved by, or connected with, Mars, which acts have damaged and impaired the goodwill symbolized by the DOVE Trade Dress, to Mars's immediate and irreparable damage.

98.    The nature, probable tendency, and effect of Hershey's use of the Infringing Trade Dress in the manner alleged enables Hershey to deceive the public by passing off its goods as being rendered, sponsored, or otherwise approved by or connected with Mars.

99.    Hershey's unauthorized use of the Infringing Trade Dress in connection with the advertising and sale of its goods is likely to cause confusion, mistake, or deception as to the source or origin of Hershey's goods and constitutes unfair competition under the common law.

100.    Hershey's acts of infringement have been willful, intentional, and purposeful, in reckless disregard of and indifferent to the rights of Mars.

101.    Hershey's acts of infringement have caused Mars irreparable injury, loss of reputation, and pecuniary damages. Unless enjoined by this Court, Hershey will continue these acts of unfair competition thereby deceiving the public and causing Mars immediate and irreparable damage.

## COUNT VI

## VIOLATION OF THE CONSUMER PROTECTION ACT
## OF THE COMMONWEALTH OF VIRGINIA

102.    As a separate cause of action and ground for relief, Mars alleges that Hershey has

violated the Consumer Protection Act of the Commonwealth of Virginia. Paragraphs 1 through

101 of this Complaint are incorporated by reference as part of this count.

103.    Hershey has used and is using the Infringing Commercial and Infringing Trade

Dress without Mars's authorization in connection with the reproduction, distribution, display and

public performance of the Infringing Commercial on television and on Hershey's website.

104.    Hershey has used and is using the Infringing Commercial and Infringing Trade

Dress in such a manner as to misrepresent Hershey's offering of the Infringing Commercial and

Hershey's Bliss chocolate as being sponsored, approved or otherwise authorized by Mars; to

misrepresent themselves as having an affiliation, connection or association with Mars; to

misrepresent that their provision of Hershey's Bliss chocolate has certain qualities,

characteristics, ingredients or benefits; and to use other deceptions, fraud, false pretenses, false

promises or misrepresentations in connection with consumer transactions, which acts of Hershey

have damaged and impaired that part of Mars's goodwill symbolized by the DOVE Trade Dress

to Mars's immediate and irreparable damage.

105.    Hershey's use of the Infringing Commercial and the Infringing Trade Dress in the

manner alleged constitutes deceptive trade practices of a type proscribed by Va. Code § 59.1-200

106.    Hershey's unfair business practices are of a recurring nature and are harmful to

consumers and the public at large.

107.    Hershey's unfair and deceptive business practices have caused Mars irreparable injury, loss of reputation, and pecuniary damages.  Unless enjoined by this Court, Hershey will continue these acts of infringement thereby deceiving the public and causing Mars immediate and irreparable damage.

### PRAYER FOR RELIEF

WHEREFORE, Mars prays for judgment against Hershey as follows:

(1)    Pursuant to 17 U.S.C. § 502, 15 U.S.C. § 1116, the laws of the Commonwealth of Virginia, and the common law, Hershey and each of its agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with them be permanently enjoined from:

      (a)    Reproducing, broadcasting, displaying, distributing, publicly performing, or otherwise using the Infringing Commercial on television, the Internet, or any other media whatsoever;

      (b)    Using in any manner the Infringing Trade Dress or any other trade dress, trademark, service mark, designation, design, color, arrangement or any combination thereof that imitates, resembles or suggests the DOVE Trade Dress;

      (c)    Otherwise infringing the DOVE® Senses Commercials or the DOVE Trade Dress;

      (d)    Unfairly competing with Mars or otherwise injuring Mars's business reputation in any manner.

(2)    Pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, the laws of the Commonwealth of Virginia, and the common law, Hershey account and pay to Mars damages in an amount sufficient to fairly compensate it for the injury it has

20

sustained, plus all the profits which are attributable to Hershey's unlawful

conduct, and further that the amount of the monetary award granted be trebled in

view of the willful and deliberate nature of Hershey's unlawful conduct.

(3)    Pursuant to 17 U.S.C. § 504(c), Hershey be ordered to pay statutory damages in

an amount to be assessed by the Court.

(4)    Pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 501, the law of the Commonwealth of

Virginia, and the common law of various states, Hershey be ordered to pay to

Mars the costs of this action and Mars's reasonable attorneys' fees.

(5)    Mars be granted such other, further, different, or additional relief as this Court

deems equitable and proper.

## JURY DEMAND

Mars demands a trial by jury in connection with its Complaint against Hershey.

MARS, INCORPORATED

Michael A. Grow, Esq., VSB # 15021
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Tel:  (202) 857-8948
Fax: (202) 857-6395

*Attorneys for Plaintiff Mars, Incorporated*

21

**OF COUNSEL**:

Cristina A. Carvalho, Esquire
Leslie K. Mitchell, Esquire
Ross Q. Panko, Esquire
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Tel:     (202) 857-6000
Fax:     (202) 857-6395

*Attorneys for Plaintiff Mars, Incorporated*

Dated: December 8, 2009

22